IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BRAD ELLIS, ) | |
| Plaintiff, ) | Civil Action No. 7:06CV00374 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| GENE JOHNSON, et al., ) | By: Hon. Glen E. Conrad |
| Defendants. ) | United States District Judge |

The plaintiff, Brad Ellis, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 against the Director of the Virginia Department of Corrections, Gene Johnson, and ten other correctional officials.[1] The case is presently before the court for review, pursuant to 28 U.S.C. § 1915A.[2] For the following reasons, the court concludes that a portion of Ellis's complaint must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). This provision provides, in pertinent part, that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails state a claim upon which relief may be granted.

## BACKGROUND

The events giving rise to the present action occurred at four different correctional institutions over an eight-year period. Ellis was received into the Virginia Department of Corrections in 1998. He began serving his sentence at Mecklenburg Correctional Center. Ellis

---

[1] Ellis names the following defendants in his complaint: Gene Johnson; David Robinson, the Warden of Wallens Ridge State Prison; Mrs. Bassett, the Warden of Keen Mountain State Prison; the Warden of Red Onion State Prison; the Warden of Mecklenburg Correctional Center; Dr. Baker, a psychologist at Keen Mountain; Mr. Fleanor, a counselor at Wallens Ridge; and four correctional officers at Keen Mountain, Officer Armes, Sergeant Johnson, Sergeant Scott, and Sergeant Ratcliffe.

[2] For purposes of this review, the court will consider the factual allegations in the plaintiff's original and amended complaints (docket #1 and #10). To the extent the plaintiff's amended complaint should be construed as a motion to amend, the court will grant the motion.

alleges that even though he was not a disciplinary problem and had no prior felony convictions, the Warden of Mecklenburg approved his transfer to Red Onion State Prison, a higher security institution. Ellis also alleges that the Warden of Mecklenburg caused unnecessary pain and suffering by confiscating his orthotic shoes. According to Ellis, the orthotic shoes are medically necessary because he has a deformed right leg that is three inches shorter than his left leg. Ellis further alleges that the Warden of Mecklenburg refused to respond to "any and all requests for assistance."

Ellis was transferred to Red Onion in March of 1999, where he was a "model prisoner." Five months later, Ellis was advised that he was going to receive a new cell partner. Within hours of moving into the cell, Ellis's new partner allegedly beat Ellis until he became unconscious and raped him throughout the night. Ellis was taken to the hospital the following day, where he was examined and treated. Upon his return to Red Onion, Ellis was placed in "the hole" for two weeks. Ellis alleges that during the two-week period, he repeatedly requested to speak with the prison psychologist and the prison doctor to no avail. Ellis further alleges that the Warden of Red Onion ignored his request to press charges against the inmate who raped him.

In September of 1999, Ellis was transferred to Keen Mountain Correctional Center, where he remained until October of 2005. Ellis states that during that six-year period, he repeatedly requested psychological counseling for emotional suffering resulting from the rape. However, the Warden of Keen Mountain, Mrs. Bassett, and the prison's psychologist, Dr. Baker, allegedly ignored his requests. Ellis further alleges that Mrs. Bassett refused to provide new orthotic shoes, despite being advised by a physician that the shoes were necessary.

Ellis alleges that he was subsequently transferred from Keen Mountain to Wallens Ridge

State Prison, as a result of a false disciplinary charge. Ellis alleges that four correctional officers at Keen Mountain, Sergeant Ratcliff, Sergeant Scott, Sergeant Johnson, and Officer Armes, falsely charged him with headbutting Sergeant Ratcliff, so that the plaintiff would be placed in segregation and transferred to a higher security prison.

Ellis arrived at Wallens Ridge, where he is presently incarcerated, in October 2005. Ellis alleges that since his arrival, Warden David Robinson has refused allow him to wear orthotic shoes. Ellis alleges that the Warden refuses to transfer him to a lower security prison, even though his security classification would permit it. Ellis alleges that the Warden forbids inmates from providing legal assistance to other inmates,[3] and that he is unable to have confidential consultations with the prison attorney, because the Warden requires at least one correctional officer to be present at all times. Ellis further alleges that he is not permitted to have daily prayer meetings with other inmates.

Ellis also names Mr. Fleanor, a counselor at Wallens Ridge, as a defendant. Ellis appears to allege that Fleanor is responsible for his unsuccessful attempts to obtain a job and attend educational classes.

## **DISCUSSION**

In order to state a claim under § 1983, a plaintiff must establish that he was deprived of rights secured by the Constitution or laws of the United States, and that the deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S.

---

[3] The court questions the veracity of this allegation in his amended complaint, given the fact that the plaintiff previously stated that he "used the assistance of another inmate in preparing and writing" his original complaint.

3

42, 48 (1988). Having reviewed the record, the court concludes that Ellis has failed to state a claim against the Warden of Mecklenburg, the Warden of Red Onion, and Mr. Fleanor.

1.   The Wardens of Mecklenburg and Red Onion

All of Ellis's claims against the Warden of Mecklenburg and the Warden of Red Onion are time-barred. The statute of limitations for civil rights actions under § 1983 is borrowed from the personal injury statute of limitations from the relevant state. Jersey Heights Neighborhood Ass'n v. Glendening, 174 F.3d 180, 187 (4th Cir. 1999). In Virginia, the applicable limitations period is two years from the date the cause of action accrues. See Va. Code Ann. § 8.01-243(A). The cause of action accrues and the statute of limitations begins running "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 955 (4th Cir. 1995).

In this case, Ellis was incarcerated at Mecklenburg from 1998 to March of 1999. He was then transferred to Red Onion, where he remained until September of 1999. All of Ellis's claims against the Wardens of those two prisons arose during that time period. Since Ellis did not execute the instant complaint until June 18, 2006, his claims against the Wardens of Mecklenburg and Red Onion are barred by the statute of limitations and must be dismissed.

2.   Mr. Fleanor

Ellis alleges that Mr. Fleanor, a counselor at Wallens Ridge, is responsible for his unsuccessful attempts to obtain a job and attend educational classes. This allegation clearly fails to state a claim under § 1983. It is well established that inmates do not have an independent right to rehabilitation or educational programs. See Bowring v. Godwin, 551 F.2d 44, 48 n. 2 (4th Cir. 1977); Garrett v. Angelone, 940 F. Supp. 933, 942 (W.D. Va. 1996). Likewise, inmates do not

4

have a constitutionally protected liberty or property interest in prison employment or a particular work assignment. See Ingram v. Papalia, 804 F.2d 595, 596 (10th Cir. 1986); Newsom v. Norris, 888 F.2d 371, 374 (6th Cir.1989); Garza v. Miller, 688 F.2d 480, 485 (7th Cir. 1982); Williams v. Farrior, 334 F. Supp. 2d 898, 904 (E.D. Va. 2004). Accordingly, Ellis's claim against Mr. Fleanor must be dismissed.

## CONCLUSION

For the reasons stated, the court concludes that Ellis has failed to state a claim against the Warden of Mecklenburg, the Warden of Red Onion, and Mr. Fleanor. Therefore, these three defendants will be dismissed from the case. The case will proceed as to the remaining claims and defendants.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and counsel of record for the defendants.

**ENTER:** This 31st day of July, 2006.

/s/ *signature*
United States District Judge

5