CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 27 2006

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BRAD ELLIS, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:06CV00374 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| GENE JOHNSON, et al., | ) | By: Hon. Glen E. Conrad |
|     Defendants. | ) | United States District Judge |

The plaintiff, Brad Ellis, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 against the Director of the Virginia Department of Corrections, Gene Johnson, and ten other correctional officials.* The case is presently before the motion for summary judgment filed by Gene Johnson, David Robinson, Kathleen Bassett, Dr. Baker, Sergeant Johnson, Sergeant Scott, and Sergeant Ratcliff. For the reasons that follow, the court will grant the defendants' motion.

## BACKGROUND

Ellis was transferred from Mecklenburg Correctional Center to Red Onion State Prison in March of 1999. Ellis alleges that he was raped by his cell mate upon his arrival at Red Onion. In September of 1999, Ellis was transferred from Red Onion to Keen Mountain Correctional Center, where he remained until October of 2005. Ellis alleges that during that six-year period,

---

*Ellis named the following defendants in his complaint: Gene Johnson; David Robinson, the Warden of Wallens Ridge State Prison; Kathleen Bassett, the Warden of Keen Mountain State Prison; the Warden of Red Onion State Prison; the Warden of Mecklenburg Correctional Center; Dr. Baker, a psychologist at Keen Mountain; Mr. Fleanor, a counselor at Wallens Ridge; and four correctional officers at Keen Mountain, Officer M. Armes, Sergeant Johnson, Sergeant Scott, and Sergeant Ratcliff.
    By opinion and order entered July 31, 2006, the court dismissed Ellis's claims against the Warden of Red Onion, the Warden of Mecklenburg, and Ms. Fleanor.
    On August 31, 2006, the court advised Ellis that there was no one employed at Keen Mountain by the name of M. Armes. The court directed Ellis to provide additional information regarding the identity of this defendant within ten days. The court advised Ellis that Armes would be dismissed if he failed to provide any additional information. Because the ten-day period has now expired, and Ellis has not filed a response to the order, this defendant will be dismissed from the case.

he repeatedly requested psychological counseling for emotional suffering resulting from the rape. Ellis contends, however, that the Warden of Keen Mountain, Kathleen Bassett, and the prison's psychologist, Dr. Baker, ignored his requests. Ellis further alleges that Bassett refused to provide new orthotic shoes, despite being advised by a physician that the shoes were necessary.

Ellis alleges that he was subsequently transferred from Keen Mountain to Wallens Ridge State Prison, as a result of a false disciplinary charge. Ellis alleges that four correctional officers at Keen Mountain, Sergeant Ratcliff, Sergeant Scott, Sergeant Johnson, and Officer M. Armes, falsely charged him with headbutting Sergeant Ratcliff, so that the plaintiff would be placed in segregation and transferred to a higher security prison.

Ellis arrived at Wallens Ridge, where he is presently incarcerated, in October of 2005. Ellis alleges that since his arrival, Warden David Robinson has refused allow him to wear orthotic shoes. Ellis alleges that the Warden refuses to transfer him to a lower security prison, even though his security classification would permit it. Ellis alleges that the Warden forbids inmates from providing legal assistance to other inmates, and that he is unable to have confidential consultations with the prison attorney, because the Warden requires at least one correctional officer to be present at all times. Ellis further alleges that he is not permitted to have daily prayer meetings with other inmates.

Gene Johnson, David Robinson, Kathleen Bassett, Dr. Baker, Sergeant Johnson, Sergeant Scott, and Sergeant Ratcliff have now filed a motion for summary judgment. The defendants argue that Ellis has failed to exhaust his administrative remedies with respect to any of his claims. To support their motion for summary judgment, the defendants have submitted a copy of the relevant grievance procedure, as well as an affidavit from Brenda Ravizee, the Human Rights

Advocate at Wallens Ridge.

According to Ravizee, Ellis filed two regular grievances while he was incarcerated at Keen Mountain. On February 7, 2001, Ellis filed a regular grievance regarding his request for new medical boots. The grievance was denied by Warden Jack Lee. Lee noted that Ellis had been offered shoe lifts on several occasions, and that Ellis had refused the lifts. Ellis did not appeal the Warden's decision. In 2002, Ellis filed a regular grievance regarding lockdown and showering in the morning hours. The grievance was return to Ellis, and he was directed to first attempt to resolve his complaints informally. Ellis did not resubmit the grievance or file any additional grievances while he was housed at Keen Mountain. Ravizee also states that Ellis has not filed any grievances since he has been incarcerated at Wallens Ridge.

On September 27, 2006, the court directed Ellis to file a response to the defendants' motion for summary judgment within twenty days. As of today, Ellis has not responded to the motion for summary judgment or requested an extension of time in which to file a response. Since the twenty-day period has now expired, the motion is ripe for review.

## **STANDARD OF REVIEW**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is properly granted if "there is no genuine issue as to any material fact and the … moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether to grant a motion for summary judgment, the court must view the record in the light most favorable to the non-moving party. Terry's Floor Fashions, Inc. v. Burlington Indust., Inc., 763 F.2d 604, 610 (4th Cir. 1985). However, the non-moving party may not rely upon the mere allegations of his complaint. Fed. R. Civ. P. 56(e). Instead, his response must, with affidavits or other verified

evidence, set forth specific facts showing that there is a genuine issue for trial. Id. If the non-moving party fails to so respond, summary judgment, if appropriate, shall be entered. Id.

## DISCUSSION

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). It is well established that the exhaustion requirement is mandatory, Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 677 (4th Cir. 2005), and that the requirement "applies to all inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 532 (2002). Failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including § 1983. Woodford v. Ngo, 126 S. Ct. 2378, 2386 (2006).

As a Virginia inmate, Ellis is required to exhaust his claims in accordance with the grievance procedure established by the Virginia Department of Corrections (VDOC). In particular, he must comply with VDOC Division Operating Procedure (DOP) 866, which sets forth a multi-step administrative remedy process. This process is explained to inmates during orientation, and a copy of DOP 866 is available for inmates to review upon request. DOP 866-7.2.

Pursuant to DOP 866, an inmate must first attempt to resolve any issues informally. DOP 866-7.13. If informal resolution is unsuccessful, an inmate may file a regular grievance within thirty days of the alleged incident or occurrence. DOP 866-7.14. If a regular grievance does not meet the criteria for acceptance, the intake section of the grievance is completed, and the

grievance is returned to the inmate within two working days. DOP 866-7.14. For those grievances that are accepted, there are two to three possible levels of review. DOP 866-7.15. Level I review is conducted by the Warden or Superintendent of the facility in which the inmate is located. If the inmate is dissatisfied with the Level I determination, he may appeal the determination to Level II. Level II review is conducted by the Regional Director, the Health Services Director, or the Chief of Operations for Offender Management Services. For most issues, Level II is the final level of review. For those issues appealable to Level III, the Deputy Director or the Director of the Virginia Department of Corrections reviews the grievance. DOP 866-7.15. The time limit for issuing the Level I response is thirty days, and the time limit for the Level II and Level III responses is twenty days. DOP 866-7.16. The expiration of a time limit at any stage of the process automatically qualifies the grievance for appeal to the next level of review. DOP 866-7.17.

Having reviewed the record in this case, the court concludes that Ellis has not satisfied the PLRA's exhaustion requirement. Brenda Ravizee's unchallenged affidavit establishes that Ellis has not filed any grievances since he has been incarcerated at Wallens Ridge, and that he only filed one relevant grievance while he was incarcerated at Keen Mountain. Although Ellis did file a regular grievance requesting new medical boots, which was denied by the Warden of Keen Mountain, he did not appeal the Warden's decision to the Regional Director, as required by DOP 866. Ellis's failure to respond to Ravizee's affidavit compels a finding that he has not properly exhausted his administrative remedies with respect to any of his claims. See Woodford v. Ngo, 126 S. Ct. at 2386 (emphasizing that "proper exhaustion ... demands compliance with an agency's deadlines and other critical procedural rules."). Accordingly, the court concludes that

there is no genuine issue of material fact, and that the defendants are entitled to summary judgment.

## CONCLUSION

For the reasons stated, the court will grant the defendants' motion for summary judgment. The Clerk is directed to send certified copies of this opinion and the accompanying order to the plaintiff and counsel of record for the defendants.

**ENTER**: This 20th day of October, 2006.

_____
United States District Judge